■ In the Matter of GRAND AND MERCER STREET CORPORATION et al., Respondents, v STEPHANIE EISENBERG et al., Appellants. [773 NYS2d 347]—

Judgment, Supreme Court, New York County (William Wetzel, J.), entered January 29, 2003, which, upon confirming an

arbitration award in a dispute between shareholders of a small housing cooperative, inter alia, voided the parties' shareholders agreement, fashioned new mechanisms of corporate governance and directed respondents to pay petitioners' attorneys' fees, unanimously modified, on the law, to vacate the award of attorneys' fees, and otherwise affirmed, with one bill of costs to petitioners payable by respondents-appellants. Appeal from order, same court and Justice, entered December 2, 2002, which granted petitioners' application to confirm the arbitration award and denied respondents' cross motion to vacate the award, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The arbitrators did not exceed their authority by voiding a shareholders agreement that authorized them to decide any controversy or claim arising out of or relating to it, and then, in effect, writing a new shareholders agreement for the parties (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-308 [1984]; *Integrated Sales v Maxell Corp.*, 94 AD2d 221, 225 [1983]). Such remedy rationally addresses the deadlocks caused by an agreement that required shareholder unanimity with respect to all matters of management, impeding even normal operations, and none of the award's provisions violates a strong public policy (*see Silverman*, 61 NY2d at 308). Moreover, respondents, who participated in what was an extensive arbitration proceeding, and who themselves affirmatively sought to arbitrate the effect of the agreement on the corporation's governance, will not be heard to argue that the arbitrators were without authority to grant any relief that rationally determined that issue, including rescission of the shareholders agreement (*see id.* at 309, citing, inter alia, *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583 [1977]; *see also Matter of Shannon [Liberty Mut. Ins. Co.]*, 236 AD2d 231 [1997]). The award of attorneys' fees should be vacated given an arbitration clause that does not expressly provide therefor. We have considered and rejected respondents' other arguments. Concur—Tom, J.P., Andrias, Sullivan and Lerner, JJ.